# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATOMEE N. HINTON,<br><br>            Plaintiff,<br><br>    v.<br><br>SERGEANT MIX, et al.,<br><br>            Defendants. | Case No.: 1:24-cv-00960-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS<br><br>(ECF No. 16)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Natomee N. Hinton ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. Plaintiff filed a complaint, and before the Court could screen Plaintiff's complaint, Plaintiff filed a first amended complaint. (Doc. 9). Before the Court could screen the first amended complaint, Plaintiff filed a motion for leave to amend to file a second amended complaint, and lodged a second amended complaint. (ECF No. 12, 13.)  The Court granted leave to file the second amended complaint, screened the second amended complaint, and granted leave to file a third amended complaint or notify the Court that Plaintiff wished to proceed only on the cognizable claims.  Plaintiff's third amended complaint is currently before the Court for screening.

**I.      Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C.

1  § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous
2  or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary
3  relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

4  A complaint must contain "a short and plain statement of the claim showing that the
5  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
6  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
7  conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell
8  Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as
9  true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*,
10 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

11 To survive screening, Plaintiff's claims must be facially plausible, which requires
12 sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable
13 for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret
14 Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully
15 is not sufficient, and mere consistency with liability falls short of satisfying the plausibility
16 standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

17 **II.    Plaintiff's Allegations**

18 Plaintiff is currently incarcerated at Sierra Conservation Center in Jamestown, California
19 where the events in the complaint are alleged to have occurred.  Plaintiff names as defendants: (1)
20 Sgt. M. Mix, (2) Baker, correctional officer, (3) Giannini, correctional officer, (4) Vang,
21 correctional officer.  Each person is named in their individual.  Plaintiff alleges as follows.

22 In claim 1, Plaintiff alleges an Eighth Amendment violation for excessive force. On
23 4/24/24, Sgt. Mix had Plaintiff bag bed and carried by his clothes improperly to a medical holding
24 cell on Fac. C.  When Plaintiff was inside, an officer closed the door to block eye view of other
25 inmates and free staff.  While being carried, Plaintiff was choking the words "I can't breathe" but
26 was ignored.  Plaintiff was laid on his stomach face down in cuffs.  Sgt. Mix straddled Plaintiff
27 and used Plaintiff blue top to strangle Plaintiff more, interrupting Plaintiff's breathing while
28 telling Plaintiff to shut up.  Plaintiff continued to cry out and was struck multiple times in his face

1 and told to shut up, while trying to get the sergeant to stop.  Other correctional officers such as
2 Giannini, Vang, and Baker stood watching in aid of sergeant Mix's attack.  Mix ordered officers
3 to take Plaintiff's shoes/clothes off and to pin Plaintiff legs together which Vang did in a scissor
4 position until they were numb.

5   In claim 2, Plaintiff alleges failure to protect.  While Sgt Mix punched and strangled
6 Plaintiff, while straddling Plaintiff and Plaintiff's hands were behind his back cuffed, other
7 correctional officers such as Vang, Giannini, and Baker sat and watched the attack and didn't
8 intervene as Sgt. Mix used excessive force in a malicious manner and not to regain order.  He told
9 Plaintiff to shut up as Plaintiff cried.  They falsified incident reports of what occurred and left out
10 the force Sgt. Mix used against Plaintiff and stated none was used.  They had a job to intervene
11 when watching another use excessive force against Plaintiff unlawfully.

12   In claim 3, Plaintiff alleges assault and battery.  Plaintiff alleges Sgt Mix personally
13 battered Plaintiff while Plaintiff laid in cuffs face down on the ground in a medical holding cell.
14 Vang crossed Plaintiff legs to Plaintiff's but in major pain until they were numb.  Plaintiff was
15 screaming for help but it went on deaf ears.  Sgt. Mix started to strangle Plaintiff with Plaintiff's
16 blue uniform top from behind while telling Plaintiff to shut up.  Plaintiff screamed and cried and
17 told him Plaintiff could not breathe. He struck Plaintiff multiply times with a closed fist to
18 Plaintiff face area as Plaintiff swarmed from all the different things happening to him at once.
19 Officer Vang, Giannini, and Baker stood watching and aiding Sgt. Mix's attack.

20   In claim 4, Plaintiff alleges intentional infliction of emotional distress.  On 4/24/24, Sgt.
21 Mix took Plaintiff off camera to a room with no witnesses except his fellow officers and choked,
22 strangled, and struck Plaintiff multiple times, humiliating Plaintiff through his cries and screams
23 for help.  He continually told Plaintiff to shut up as he struck Plaintiff and choked Plaintiff, as
24 Plaintiff told him he could not breathe, while straddling Plaintiff. He told Plaintiff to clean up
25 before he got medical saying what Plaintiff disclosed would be his fate moving forward.  But
26 Plaintiff still told medical and admin that he assaulted Plaintiff for no reason. Mix falsified
27 documents that got Plaintiff sent to Ad-seg and change of living conditions.  Plaintiff was found
28 not guilty of the falsified RVR after being sent to High Desert State Prison, and Plaintiff was

3

1  returned to SCC about 90 days later.  While in Ad-seg, Plaintiff had limited access to yard,
2  recreation, rehabilitative services, and no communications with family and a deteriorating mental
3  health.  Officers Vang and Giannini failed to assist Plaintiff when they saw he was beaten by the
4  supervisor.

Plaintiff alleged he complied with the Government Claims Act within 6 months of the incident, claim #202402083 and it is still pending.

As injuries, Plaintiff suffered black eye, swollen temples, bruising on back and face, back pain, nerve damage, neck tenderness, lost consciousness, dizziness, among other injuries. Plaintiff alleges he has PTSD, anxiety, depression, separation from family, living conditions restricted, hardship, helplessness, hair loss, weight loss, medication.

As remedies, Plaintiff seeks compensatory and punitive damages.

**II.    Discussion**

**Eight Amendment**

   **1.  Excessive Force**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is...whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. Relevant factors for this consideration include "the extent of injury... [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.' " *Id.* (quoting *Whitley v. Albers*, 475 U.S. 1078, 1085 (1986) ).

1  Finally, because the use of force relates to the prison's legitimate penological interest in
2  maintaining security and order, the court must be deferential to the conduct of prison officials.
3  *See Whitley*, 475 U.S. at 321–22. Not "every malevolent touch by a prison guard gives rise to a
4  federal cause of action." *Id.* at 9. De minimis uses of physical force do not violate the constitution
5  provided that the use of force is not of a sort "repugnant to the conscience of mankind." *Whitley*
6  *v. Albers*, 475 U.S. 312, 327 (1986) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

7  Liberally construing the allegations, and considering the allegations as a whole, Plaintiff
8  states a cognizable claim for excessive force against defendant Sgt. Mix and correctional officer
9  Vang. Plaintiff fails to state a claims against the other defendants because it is not clear they
10  engaged in force.

11  **2.  Failure to Protect**

12  A prisoner may state a § 1983 claim under the Eighth Amendment against prison officials
13  only where the officials acted with "deliberate indifference" to the threat of serious harm or injury
14  to an inmate by another prisoner, *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986); see also
15  *Valandingham v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir. 1989) (deliberately spreading rumor
16  that prisoner is snitch may state claim for violation of right to be protected from violence while in
17  state custody), or by physical conditions at the prison. The official must both be aware of facts
18  from which the inference could be drawn that a substantial risk of serious harm exists, and he
19  must also draw the inference. *See Farmer*, 511 U.S. at 837, 114 S.Ct. 1970. Mere negligent
20  failure to protect an inmate from harm is not actionable under Section 1983. *See Farmer*, 511
21  U.S. at 835, 114 S.Ct. 1970.

22  Plaintiff states a cognizable failure to protect claim against correctional officers Vang,
23  Giannini, and Baker.

24  Plaintiff is informed that any claim premised on the failure to house Plaintiff at a
25  particular institution or in particular housing fails because Plaintiff is not entitled to be housed in
26  any particular institution. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*,
27  427 U.S. 215, 225 (1976). In general, prison officials' housing and classification decisions do not
28  give rise to federal constitutional claims encompassed by the protection of liberty and property

5

1 guaranteed by the Fifth and Fourteenth Amendments. *Montayne v. Haymes*, 427 U.S. 236, 242

2 (1976) (It is well settled that prisoners have no constitutional right to placement in any particular

3 prison, to any particular security classification, or to any particular housing assignment); *accord*

4 *King v. Lemos*, No. 1:20-CV-01837-NONE-BAM (PC), 2021 WL 2038187, at *6 (E.D. Cal. May

5 21, 2021).

**State Law Claims – Assault and Battery**

Plaintiff alleges that he complied with the California Government Claims Act.

Plaintiff alleges a state law claim for assault and battery against Defendant Sgt. Mix. For a civil battery claim in California, a plaintiff must prove "(1) defendant intentionally performed an act that resulted in a harmful or offensive contact with the plaintiff's person; (2) plaintiff did not consent to the contact; and (3) the harmful or offensive contact caused injury, damage, loss or harm to plaintiff." *Brown v. Ransweiler*, 171 Cal.App.4th 516, 526 (2009). Where the defendant is a peace officer, the plaintiff must also prove that the use of force was unreasonable. *Ransweiler*, 171 Cal.App.4th at 526.

For an assault claim under California law, a plaintiff must show that (1) the defendant threatened to touch him in a harmful or offensive manner; (2) it reasonably appeared to the plaintiff that the defendant was about to carry out the threat; (3) the plaintiff did not consent to the conduct; (4) the plaintiff was harmed; and (5) the defendant's conduct was a substantial factor in causing the harm. *Tekle v. U.S.*, 511 F.3d 839, 855 (9th Cir. 2007) (citation omitted).

At the pleading stage, Plaintiff's complaint states cognizable state law claims against Defendants Mix and Vang for assault and battery.

**State Law Claim – Intentional Infliction of Emotional Distress**

Under California law, the elements of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. *Corales v. Bennett*, 567 F.3d 554, 571 (9th Cir. 2009) (quotation marks omitted); *Tekle v. United States*, 567 F.3d 554, 855 (9th Cir. 2007). Conduct is

6

1  outrageous if it is so extreme as to exceed all bounds of that usually tolerated in a civilized
2  community. *Corales*, 567 F.3d at 571; Tekle, 511 F.3d at 855.

3      Liberally construing the allegations, Plaintiff states a cognizable claim against Defendant
4  Mix.  Plaintiff alleges he was strangled and beaten while yelling he could not breathe and while
5  handcuffed.

6  **False Reports**

7      The creation of false evidence, standing alone, is not actionable under § 1983. *See*
8  *Hernandez v. Johnston*, 833 F.2d 1316, 1319 (9th Cir. 1987) (independent right to accurate prison
9  record has not been recognized); *Johnson v. Felker*, No. 1:12–cv–02719 GEB KJN (PC), 2013
10 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right
11 to be free from false accusations of misconduct, so the mere falsification of a report does not give
12 rise to a claim under section 1983.") (citations omitted). Moreover, "plaintiff cannot state a
13 cognizable Eighth Amendment violation based on an allegation that defendant[ ] issued a false
14 rule violation against plaintiff."  *Jones v. Prater*, No. 2:10-cv-01381 JAM KJN P, 2012 WL
15 1979225, at *2 (E.D. Cal. Jun. 1, 2012); *see also Youngs v. Barretto*, No. 2:16-cv-0276 JAM AC
16 P, 2018 WL 2198707, at *3 (E.D. Cal. May 14, 2019) (noting that issuance of false rules violation
17 report does not rise to the level of cruel and unusual punishment) (citations omitted).

18     Accordingly, Plaintiff's complaint does not state a cognizable claim against any Defendant
19 for an allegedly falsified statement.

20     Deliberately providing false evidence that results in criminal charges or certain
21 administrative penalties can give rise to a due process claim where there was a resulting
22 deprivation of liberty. *Devereaux v Abbey*, 263 F.3d 1070, 1074–75 (9th Cir. 2001)  (*en banc*)
23 ("[T]here is a clearly established constitutional due process right not to be subjected to criminal
24 charges on the basis of false evidence that was deliberately fabricated by the government."). "To
25 prevail on a § 1983 claim of deliberate fabrication, a plaintiff must prove that (1) the defendant
26 official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's
27 deprivation of liberty." *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017)  (citations omitted).
28 To establish the second element of causation, the plaintiff must show "that (a) the act was the

7

cause in fact of the deprivation of liberty, meaning that the injury would not have occurred in the absence of the conduct; and (b) the act was the 'proximate cause' or 'legal cause' of the injury, meaning that the injury is of a type that a reasonable person would see as a likely result of the conduct in question." Spencer, 857 F.3d at 798 (citations omitted).

The premise of a *Devereaux* claim is that Plaintiff was subject to a criminal prosecution and deprived of liberty.  Plaintiff does not allege he was subject to criminal prosecution.  While Plaintiff alleges that he was subject to disciplinary proceedings based on false evidence, and placed in administrative segregation as a result of fabricated evidence, the Ninth Circuit has not held that such prison disciplinary proceedings are sufficient for a *Devereaux* claim.  Indeed, the Supreme Court has held that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  The minimum Due Process procedural requirements that must be met in such proceedings are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Id.* at 563–71.

**IV.    Conclusion and Order**

Based on the above, the Court finds that Plaintiff's third amended complaint states cognizable claims against (1) Defendant Sgt. M. Mix and Defendant Vang for excessive force in violation of the Eighth Amendment, (2) correctional officers Vang, Giannini, and Baker for failure to protect in violation of the Eighth Amendment, (3) Defendant Sgt. Mix and Defendant Vang for state law assault and battery, and (4) Defendant Mix for state law intentional infliction of emotional distress.  Plaintiff's third amended complaint fails to state any other cognizable claims for relief against any other defendant.  Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the identified deficiencies and further leave

to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, IT IS HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's third amended complaint, filed on April 7, 2025 (ECF No. 16), against (1) Defendant Sgt. M. Mix and Defendant Vang for excessive force in violation of the Eighth Amendment, (2) correctional officers Vang, Giannini, and Baker for failure to protect in violation of the Eighth Amendment, (3) Defendant Sgt. Mix and Defendant Vang for state law assault and battery, and (4) Defendant Mix for state law intentional infliction of emotional distress.

2. All other claims be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 11, 2025**                    /s/ *Barbara A. McAuliffe*
                                               UNITED STATES MAGISTRATE JUDGE

9