# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATOMEE HINTON,<br><br>   Plaintiff,<br><br>   v.<br><br>MIX, *et al.*,<br><br>   Defendants. | No.  1:24-cv-00960-KES-BAM (PC)<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS<br><br>Doc. 18 |

Plaintiff Natomee Hinton is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On April 11, 2025, the assigned magistrate judge screened the third amended complaint and issued findings and recommendations that this action proceed on plaintiff's third amended complaint against: (1) defendants Mix and Vang for excessive force in violation of the Eighth Amendment; (2) defendants Vang, Giannini, and Baker for failure to protect in violation of the Eighth Amendment; (3) defendants Mix and Vang for state law assault and battery; and (4) defendant Mix for state law intentional infliction of emotional distress.  Doc. 18.  The magistrate judge further recommended that all other claims be dismissed based on plaintiff's failure to state claims upon which relief may be granted.  *Id.*  The findings and recommendations were served on plaintiff and contained notice that any objections were to be filed within fourteen

1  (14) days after service. *Id.* Plaintiff filed objections on May 2, 2025.[1] Doc. 19.

2  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the Court adopts the findings and recommendations in part. The findings and recommendations correctly conclude that plaintiff's third amended complaint states cognizable claims against: (1) defendants Mix and Vang for excessive force in violation of the Eighth Amendment; (2) defendants Vang, Giannini, and Baker for failure to protect in violation of the Eighth Amendment; (3) defendants Mix and Vang for state law assault and battery; and (4) defendant Mix for state law intentional infliction of emotional distress.

In his objections, plaintiff argues that he should also be permitted to proceed on false imprisonment and retaliation claims against defendant Mix for the time he spent in administrative segregation based on an allegedly false Rules Violation Report filed by Mix. Doc. 19 at 2. Plaintiff may not proceed on a false imprisonment claim based on a theory of a due process liberty interest against administrative segregation, as such a theory is foreclosed by precedent. *See Austin v. Terhune*, 367 F.3d 1167, 1170 (9th Cir. 2004). However, plaintiff appears to invoke a First Amendment retaliation claim in alleging that he was retaliated against and placed in administrative segregation for making a prison grievance. *See id.*; *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). Although plaintiff does not separately identify a First Amendment retaliation claim as a cause of action in his third amended complaint, he alleges facts in the complaint that may support such a claim and he further clarifies the basis for such a claim in his objections.

The elements of a First Amendment retaliation claim in the prison context are: "(1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."

---

[1] Under the prison mailbox rule, when a prisoner accesses the prison mail system with a legal filing, it is deemed filed in court at that time. *See Houston v. Lack*, 487 U.S. 266, 270 (1988); *Douglas v. Noelle*, 567 F.3d 1103, 1108–09 (9th Cir. 2009) (the prison mailbox rule applies to civil rights actions). Plaintiff's filing and proof of service are signed and dated May 2, 2025. Doc. 19. While untimely, the Court finds good cause based on the representations therein.

1   *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005).  An allegation of retaliation against a
2   prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under
3   § 1983.  *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003).

4           Plaintiff asserts in his third amended complaint that Mix warned him after the assault that
5   "what [plaintiff] disclosed [to medical] would be [plaintiff's] fate going forward."  Doc. 16 at 6.
6   Plaintiff alleges that, after Mix's warning, plaintiff still "told medical & admin that [Mix]
7   assaulted me for no reason."  *Id.*  He alleges that his report of Mix's assault then "caus[ed] [Mix]
8   to falsify documents that got [plaintiff] sent to Ad-seg and changed [plaintiff's] living
9   conditions."  Doc. 16 at 6.  Such alleged false charges would infringe on plaintiff's right to make
10  a grievance, "as the injury asserted is the retaliatory accusation's chilling effect on [plaintiff's]
11  First Amendment rights."  *Austin*, 367 F.3d at 1170–71 (holding pro se complaint's failure to
12  expressly refer to the First Amendment did not foreclose retaliation claim because allegations
13  stated he was punished for filing grievance).  In *Austin*, retaliatory placement in administrative
14  segregation for engaging in constitutionally protected activity was held to be an adverse action.
15  *Id.*  Plaintiff has the burden of demonstrating that his exercise of his First Amendment rights was
16  the substantial or motivating factor behind Mix's conduct.  *See, e.g.*, *Hartman v. Moore*, 547 U.S.
17  250, 259 (2006) (§ 1983 plaintiff "must show a causal connection between a defendant's
18  retaliatory animus and subsequent injury in any sort of retaliation action[.]").  Plaintiff also must
19  plead and prove the absence of legitimate correctional goals for the conduct of which he
20  complains.  *Pratt,* 65 F.3d at 806.

21          The Court will grant plaintiff leave to file a fourth amended complaint asserting a
22  retaliation claim under the First Amendment.  Plaintiff must elect whether to file a fourth
23  amended complaint or to proceed only on the claims screened and allowed to go forward in his
24  third amended complaint.  Plaintiff is advised that an amended complaint supersedes the current
25  complaint.  *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, plaintiff's
26  fourth amended complaint, if any, must be "complete in itself without reference to the prior or
27  superseded pleading."  Local Rule 220.  Additionally, plaintiff's claims must contain sufficient
28  factual detail to allow the Court to reasonably infer that each named defendant is liable for the

1  misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2  Accordingly, IT IS HEREBY ORDERED as follows:

3  1. The findings and recommendations issued on April 11, 2025, Doc. 18, are adopted in part;

4  2. Within thirty (30) days from the date of service of this order, plaintiff may file a fourth
5     amended complaint to add a First Amendment retaliation claim consistent with this order;

6  3. If plaintiff does not timely file a fourth amended complaint, this case will proceed only on
7     the cognizable claims identified in plaintiff's third amended complaint, filed April 7,
8     2025, Doc. 16, against: (1) defendants Mix and Vang for excessive force in violation of
9     the Eighth Amendment; (2) defendants Vang, Giannini, and Baker for failure to protect in
10    violation of the Eighth Amendment; (3) defendants Mix and Vang for state law assault
11    and battery; and (4) defendant Mix for state law intentional infliction of emotional
12    distress; and any other claims and defenses in the third amended complaint will be
13    dismissed based on failure to state a claim upon which relief may be granted.

14 4. This action is referred back to the magistrate judge for further proceedings consistent with
15    this order.

18 IT IS SO ORDERED.

19    Dated:   May 15, 2025

                                                    _____
                                                    UNITED STATES DISTRICT JUDGE

4