# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

NATOMEE HINTON,

          Plaintiff,

    v.

MIX, *et al.*,

          Defendants.

Case No.  1:24-cv-00960-KES-BAM (PC)

ORDER DENYING MOTION TO FILE SUPPLEMENTAL PLEADING

(ECF No. 47)

**I.     Background**

Plaintiff Natomee Hinton ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's fourth amended complaint against (1) Defendants Mix and Giannini for excessive force in violation of the Eighth Amendment; (2) Defendants Vang, Giannini, and Baker for failure to protect in violation of the Eighth Amendment; (3) Defendant Mix for retaliation in violation of the First Amendment; (4) Defendants Mix and Vang for state law assault and battery; (5) Defendant Mix for state law intentional infliction of emotional distress; and (6) Defendants Mix, Vang, Giannini, and Baker for state law negligence.

Currently before the Court is Plaintiff's "Motion to Add Supplement Complaint of Defendants Actions after Initial Filing of Complaint," filed May 11, 2026, which the Court construes as a motion for leave to file a supplemental pleading.  (ECF No. 47.)  Defendants filed

1

an opposition on May 22, 2026, (ECF No. 50), and Plaintiff filed a reply and lodged his supplemental complaint on June 11, 2026, (ECF Nos. 55, 56).

In the motion, Plaintiff seeks to "add more storyline of events" regarding Defendants' post-filing conduct "in connection with the initial misconduct" at issue. (ECF No. 47 at 1.) Plaintiff indicates that no new defendants and no new state or federal violations will be added, but he will seek damages for the conduct. (*Id.* at 1-2.)

Defendants counter that Plaintiff's proposed supplemental pleading would confer no additional relief on Plaintiff that he could not already pursue under the operative complaint. (ECF No. 50.) Additionally, Defendants object that the motion is defective because Plaintiff did not attach the proposed supplemental pleading, and that further amendment or supplementation would unnecessarily delay the case. (*Id.*)

In reply, Plaintiff reiterates that he is seeking to supplement "events that occurred after filing." (ECF No. 56 at 1.) Plaintiff also states that he wants to seek additional violations for retaliation outside those already alleged. He argues that unnecessary delay is not a legal ground to deny his motion. Plaintiff lodged his proposed supplement, which appears to include allegations of retaliation by Defendant Mix and a claim for intentional infliction of emotional distress. (ECF No. 55.)

## II.    Legal Standard

Federal Rule of Civil Procedure 15(d) states, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The bringing of new claims in a supplemental pleading should be allowed when it promotes the economical and speedy disposition of a controversy. *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988); *see also San Luis & Delta-Mendota Water Authority v. U.S. Dep't of Interior*, 236 F.R.D. 491, 497 (E.D. Cal. 2006) (identifying nine factors that the Supreme Court and Ninth Circuit have applied in determining the appropriateness of supplementation). Although leave to permit supplemental pleading is generally favored, the supplemental pleading cannot be used to introduce a 'separate, distinct and new cause of action.' " *Planned Parenthood v. S. Ariz.*

2

*V. Neely*, 130 F.3d 400, 402 (9th Cir. 1997).

**III.    Discussion**

Plaintiff filed the operative fourth amended complaint, dated May 25, 2025, on May 30, 2025.  (ECF No. 26.)  In his proposed supplement," Plaintiff seeks to add events that occurred at some point after he was returned to Sierra Conservation Center and "found not guilty of the falsified felony charges & RVR."  (ECF No. 55 at 2.)  Plaintiff is no longer in custody at the Sierra Conservation Center, having been released from custody on May 30, 2025, the date his fourth amended complaint was filed.  (ECF No. 23.)  Thus, any incidents that Plaintiff alleges occurred prior to his release from custody should have been pled in the fourth amended complaint.  Only incidents that occurred *after* the filing of his fourth amended complaint would be the proper basis for a Rule 15(d) motion.  There is no indication that any of the proposed allegations or claims relate to the time period after the filing of the fourth amended complaint.  It also appears that Plaintiff is attempting to add events and claims to his complaint that would have been known at the time he filed the operative complaint.  Indeed, a review of the fourth amended complaint includes allegations concerning the time period after he was returned to Sierra Conservation Center following the not guilty finding on the RVR.  (*See* ECF No. 26, Fourth Amended Complaint at 4.)  Further, the proposed allegations appear to relate to the period of time before Plaintiff filed the complaint to initiate this action. (ECF No 55 at 3 ("Mix's conduct . . . occurred when becoming aware of Plaintiff prevailing on Defendant Mix's falsified charge's, & Mix gaining knowledge of Plaintiff's potential filing of civil complaint against Mix.").)

To the extent Plaintiff seeks to add events and allegations that occurred prior to the date the fourth amended complaint was filed, the motion is more appropriately considered under Rule 15(a).  Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). The intent of the rule is to "facilitate decision on the

merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Center of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011). Consequently, the "policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

Courts consider five factors in determining whether justice requires allowing amendment under Rule 15(a): "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation omitted); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (citing *Western Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991)). These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor in determining whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) ("Prejudice to the opposing party is the most important factor."). Absent prejudice, or a strong showing of any of the remaining factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. *Eminence Capital*, 316 F.3d at 1052.

The Court finds that the relevant factors to weigh against leave to amend.  First, Plaintiff has unduly delayed in seeking leave to add allegations and claims to the operative complaint. Plaintiff does not explain why he waited nearly a year after filing his fourth amended complaint and his release from custody to seek leave to supplement his claims.  Plaintiff also does explain why he could not have amended his complaint to include the proposed allegations and claims in his fourth amended complaint or in prior iterations of his complaint.  Second, Plaintiff has failed to cure the deficiencies in his pleading with previous amendments.  Since initiating this action on August 16, 2024, Plaintiff has had multiple opportunities to amend or supplement his complaint, including after his release from custody.  Third, although the Court does not find that Plaintiff is acting in bad faith, his attempt to supplement at this late date regarding alleged events that likely occurred more than one year ago suggests some dilatory conduct.  Fourth, while allowing

Plaintiff leave to supplement the complaint would likely not result in substantial prejudice to Defendants, the Court finds that the other factors weigh strongly against amendment.  The Court also notes that Defendants' motion to dismiss (related to the state law claims) is fully briefed and has been pending since September 18, 2025.  Should Plaintiff be allowed to amend, it would further delay resolution of this matter.

### IV.    Conclusion and Order

For the reasons stated, Plaintiff's motion to file a supplemental complaint, (ECF No. 47), is HEREBY DENIED.

IT IS SO ORDERED.

Dated:    **June 18, 2026**                    /s/ *Barbara A. McAuliffe*
                                                        UNITED STATES MAGISTRATE JUDGE

5