# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| NATOMEE HINTON, | Case No.  1:24-cv-00960-KES-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' PARTIAL MOTION TO DISMISS |
| v. | |
| MIX, *et al.*, | (ECF No. 36) |
| Defendants. | **FOURTEEN (14) DAY DEADLINE** |

**Findings and Recommendations**

## I.    Introduction

Plaintiff Natomee Hinton ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's fourth amended complaint against: (1) Defendants Mix and Giannini for excessive force in violation of the Eighth Amendment; (2) Defendants Vang, Giannini, and Baker for failure to protect in violation of the Eighth Amendment; (3) Defendant Mix for retaliation in violation of the First Amendment; (4) Defendants Mix and Vang for state law assault and battery; (5) Defendant Mix for state law intentional infliction of emotional distress; and (6) Defendants Mix, Vang, Giannini, and Baker for state law negligence.

On September 18, 2025, Defendants Mix, Giannini, Baker, and Vang filed a motion to partially dismiss Plaintiff's fourth amended complaint pursuant to Federal Rule of Civil

Procedure 12(b)(6).  (ECF No. 36.)  Plaintiff filed a notice of motion and counterclaim to Defendants' partial motion to dismiss on October 20, 2025, which the Court construes as an opposition.  (ECF No. 39.)  Defendants replied on October 27, 2025.  (ECF No. 43.)  The motion is deemed submitted.  Local Rule 230(l).

For the reasons discussed below, the Court recommends that Defendants' motion be granted in part and denied in part.

**II.     Summary of Relevant Allegations in Fourth Amended Complaint**

The events in the fourth amended complaint are alleged to have occurred while Plaintiff was incarcerated at Sierra Conservation Center ("SCC") in Jamestown, California.

In Claim 1, Plaintiff alleges excessive force in violation of the Eighth Amendment.  On 4/24/24, Defendant Mix had Plaintiff hog tied and carried by his clothes to a medical holding cell while Plaintiff's breathing was being disrupted.  Once inside, non-defendant Officer Pastor II closed the door to block eye view of other inmates and free staff.  While being carried, Plaintiff was choking the words "I can't breathe" but ignored.  Plaintiff was laid on his stomach face down in cuffs.  Defendant Mix straddled Plaintiff and used Plaintiff's blue top to choke Plaintiff even more, disrupting Plaintiff's breathing while telling Plaintiff to shut up.  Plaintiff continued to scream and cry but was struck multiple times in his face and told to shut up while attempting to get the sergeant to stop.  Other officers such as Defendants Giannini, Vang, and Baker stood watching in aid of Defendant Mix's attack.  Mix ordered officers to take Plaintiff's shoes/pants off and to pin Plaintiff's legs to his butt in a scissor position, which Defendant Giannini did until they were numb, as Plaintiff warmed around from all the different things happening at once.

In Claim 2, Plaintiff alleges failure to protect in violation of the Eighth Amendment.  While Sgt. Mix punched and strangled Plaintiff, while straddling Plaintiff while Plaintiff's hands were cuffed behind his back, other officers such as Vang, Giannini, and Baker sat and watched the attack and didn't intervene as Sgt. Mix used excessive force against Plaintiff in a malicious manner and not to regain order of the facility.  He told Plaintiff to shut up as Plaintiff cried and begged for help.  They falsified incident reports of what occurred and left out the force Sgt. Mix used against Plaintiff and stated none was used.  They had a job to intervene when watching

2

another use excessive force against Plaintiff unlawfully.

Upon Plaintiff's return, Mix threatened Plaintiff to round 2 of another assault, made fun of Plaintiff, harassed and humiliated Plaintiff while following Plaintiff around the yard several months after Plaintiff's issue transpired, with no cares or worries for any disciplinary action for his actions.

In Claim 3, Plaintiff alleges a state tort for assault and battery. Sgt. Mix personally battered Plaintiff while Plaintiff laid in cuffs face down on the ground in Facility C medical holding cell. Giannini crossed Plaintiff's legs to Plaintiff's butt in major pain until they were numb. Plaintiff was screaming for help but no one came or assisted. Sgt. Mix started to strangle Plaintiff with Plaintiff's blue top while telling Plaintiff to shut up as he straddled Plaintiff from behind. Plaintiff screamed and cried that Plaintiff could not breathe. He struck Plaintiff multiple times with his fist to Plaintiff's face as Plaintiff swarmed on the ground from the attack and all the different things happening to him at once. Officers Vang, Giannini, and Baker stood watching and aiding in Sgt. Mix's attack.

In Claim 4, Plaintiff alleges a state tort for intentional infliction of emotional distress. On 4/24/24, Sgt. Mix took Plaintiff off camera to a room with no witnesses except his fellow officers and choked and struck Plaintiff multiple times while strangling Plaintiff, humiliating Plaintiff through his cries and screaming for help. He continually told Plaintiff to shut up as he struck Plaintiff and choked Plaintiff, as Plaintiff told him he could not breathe, while straddling Plaintiff. He told Plaintiff to clean up before he got medical saying whatever Plaintiff disclosed to medical/admin would be Plaintiff's fate moving forward. But Plaintiff still told medical and admin what Mix did to Plaintiff while he was present and that he battered Plaintiff for no reason. Mix then falsified documents that got Plaintiff sent to Ad-seg and change of living conditions. Plaintiff was found not guilty of the falsified RVR after being sent to High Desert State Prison ("HDSP"), and Plaintiff was returned to SCC about 90 days later. While in Ad-seg, Plaintiff had limited access to yard, recreation, rehabilitative programs/services, and no communications with family or support system, leaving Plaintiff with a deteriorating mental health. Officers Vang, Giannini, and Baker failed to help Plaintiff when they saw he was beaten by the supervisor.

3

When Plaintiff returned to SCC, Mix constantly antagonized Plaintiff and made jokes and threats to harm Plaintiff again, with great disregard for civilization or punishment, as he could do whatever he wanted, cursing at Plaintiff.

In Claim 5, Plaintiff alleges retaliation in violation of the First Amendment.  After Mix's attack on Plaintiff ceased and before he got medical, he told Plaintiff that whatever Plaintiff disclosed to medical/admin would be Plaintiff's fate moving forward, in an attempt to silence Plaintiff and not disclose what actually transpired.  As an inmate Plaintiff has a First Amendment right to complain in CDCR through a 602 process, but in times of emergency nothing precludes reporting verbally, then following the 602 procedure.  Upon medical arriving, Plaintiff was still crying and hysterical and told them that Mix beat Plaintiff and Plaintiff hadn't done anything wrong, while Mix was physically present.  He then in return falsified a report to cover up what happened, stating Plaintiff battered him.  That false report by Mix got Plaintiff re-housed in Ad-seg for months, which changed Plaintiff's living conditions.

In Claim 6, Plaintiff alleges a state tort for malicious prosecution. On 4/24/24 Mix initiated an administrative proceeding against Plaintiff, false RVR disciplinary proceedings. Mix stated his intentions of Plaintiff telling anyone what occurred, when disclosing what occurred he proceeded with malice and without probable cause to falsify documents in an attempt to cover what happened, which got Plaintiff sent to Ad-seg and a RVR disciplinary process initiated. Plaintiff was later found not guilty of the falsified battery on a peace officer, when Plaintiff was released from Ad-seg and returned from Level IV HDSP back to SCC.

In Claim 7, Plaintiff alleges a state tort for negligence.  All Defendants breached their duty of care to ensure that Plaintiff wasn't beaten in custody and left with multiple injuries.  They had an obligation to ensure malicious harm or excessive force against Plaintiff was not done in an unlawful manner, as they have a job to protect the inmate population and staff from any unwanton harm or injury, which could be prevented.  All defendants had an obligation but failed to act on that obligation deliberately by standing and just watching and aiding in the attack.

Mix knew what transpired on 4/24/24 in the Facility C medical holding cell and also knew that the falsified report with false allegations would get Plaintiff sent to Ad-seg and possibly a

4

Level IV after the RVR was finalized, as he has been with the department for 30 years and was currently at the Sgt. rank.  This was an attempt to maliciously prosecute Plaintiff for wanting to exercise his First Amendment right to complain about what occurred on the morning of 4/24/24.

As indicated, this action currently proceeds only against Defendants Mix and Giannini for excessive force in violation of the Eighth Amendment (Claim 1); (2) Defendants Vang, Giannini, and Baker for failure to protect in violation of the Eighth Amendment (Claim 2); (3) Defendant Mix for retaliation in violation of the First Amendment (Claim 5); (4) Defendants Mix and Vang for state law assault and battery (Claim 3); (5) Defendant Mix for state law intentional infliction of emotional distress (Claim 4); and (6) Defendants Mix, Vang, Giannini, and Baker for state law negligence (Claim 7). (ECF No. 28.)

**III.    Defendants' Motion to Dismiss**

**A.  Legal Standard**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quotation marks and citations omitted).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (quotation marks omitted); *Conservation Force*, 646 F.3d at 1242; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The Court must accept the well-pled factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007); *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 996–97 (9th Cir. 2006); *Morales v. City of L.A.*, 214 F.3d 1151, 1153 (9th Cir. 2000).

In general, *pro se* pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The Court has an obligation to construe such pleadings liberally. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).  However, a court's liberal interpretation of a pro se complaint may not supply essential elements

5

of the claim that were not pled. *Ivey v. Bd. of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982). Also, the Court need not credit naked assertions, "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *See Twombly*, 550 U.S. at 555–57.

### B. Parties' Positions

Defendants seek dismissal of Claim 3 (assault and battery) as to Defendants Vang and Baker, dismissal of Claim 4 (intentional infliction of emotional distress) as to Defendants Giannini, Vang, and Baker, dismissal of Claim 7 (negligence) as to Defendants Giannini, Vang, and Baker, and dismissal of Claim 6 (malicious prosecution) as to all defendants. (ECF No. 36 at 2, 3.) Defendants contend that California Government Code § 820 immunizes public employees from liability for injuries caused by the act or omission of another person, citing California Government Code § 820.8. Defendants argue that Plaintiff attempts to impute liability from Mix's acts onto Giannini, Baker, and Vang when only Mix took part in the alleged excessive force. Defendants further contend that they are all immune from Plaintiff's claim of malicious prosecution in Claim 6 under California Government Code § 821.6. Defendants therefore conclude that Claim 3 should be dismissed as to Baker and Vang under § 820.8, claims 4 and 7 should be dismissed as to Giannini, Baker, and Vang under § 820.8, and Claim 6 should be dismissed as to all Defendants under § 821.6.

In his opposition, Plaintiff admits that he did not plead any facts in Claim 3 alleging assault and battery regarding Defendant Vang or Baker, noting that the undersigned never held Defendants Vang or Baker liable as to that claim. Plaintiff instead contends that Defendants Mix and Giannini should be held to answer Claim 3. (ECF No. 39 at 2.) Plaintiff also argues that the motion to dismiss the intentional infliction of emotional distress claim (Claim 4) against Defendants Giannini, Baker, and Vang is "moot" and merely a distraction because these defendants were not held to answer the claim. (*Id.* at 3.) Additionally, Plaintiff asks the Court to hold all defendants to answer the negligence claim (Claim 7), arguing that he has alleged action by all defendants. (*Id.* at 4-5.) Finally, as to the malicious prosecution claim (Claim 6), Plaintiff asks the Court to hold only Defendant Mix to answer the claim, agreeing with Defendants to remove Defendants Vang, Baker, and Giannini from the claim. (*Id.* at 5-6.)

In reply, Defendants indicate that Plaintiff's opposition largely concedes to the relief Defendants seek and fails to cure the core pleading deficiencies.  (ECF No. 43.)  Defendants assert that Plaintiff (1) does not oppose dismissal of the assault and battery claim (Claim 3) as to Vang and Baker; and (2) concedes that the intentional infliction of emotional distress claim (Claim 4) is "moot" as to Vang, Baker, and Giannini.  Defendants further assert that Plaintiff does not sufficiently allege personal negligent conduct by Giannini, Vang, or Baker to sustain the negligence claim (Claim 7) and that California Government Code § 821.6 absolutely immunizes all public employees from the malicious prosecution claim (Claim 6).

**C.  Discussion**

Having considered the parties' arguments, the Court finds it necessary to clarify the cognizable state law claims.  The Court will do so in conjunction with Defendants' motion to dismiss.

Claim 3:  Assault and Battery

Defendants seek dismissal of Claim 3 for assault and battery as to Defendants Vang and Baker.  (ECF No. 36 at 4.)  To clarify, this action does not proceed on state law assault and battery claims against Defendant Baker. (*See* ECF No. 27 at 13, 17; ECF No. 28 at 3.)

Further, as to Defendant Vang, the Court's June 3, 2025 findings and recommendations recommended this action proceed against Defendants Mix and Vang for state law assault and battery, (ECF No. 27 at 17).  However, a closer reading of those findings and recommendations reveals the undersigned's express finding that "Plaintiff's fourth amended complaint states cognizable state law claims against Defendants Mix and *Giannini* for assault and battery," (ECF No. 27 at 13 (emphasis added)).  Despite this finding, the Court inadvertently recommended that the action proceed against Defendants Mix and Vang for state law assault and battery, (ECF No. 27 at 17), which the district judge adopted, (ECF No. 28).  Given the Court's express finding, and not the mistaken recommendation, the action should proceed on the cognizable state law claims for assault and battery against Defendants Mix and Giannini, and not Defendant Vang (or Defendant Baker).  Indeed, Plaintiff admits that he "did not in fact plead any facts alleging assault & battery regarding Defendants Vang or Baker."  (ECF No. 39 at 2.)

7

For these reasons, the Court will recommend that (1) Defendants' motion to dismiss the state law claims for assault and battery against Defendant Baker be denied as moot; (2) Defendants' motion to dismiss the state law claims for assault and battery against Defendant Vang be granted; and (3) Plaintiff's state law assault and battery claims proceed against Defendants Mix and Giannini.

Claim 4 – Intentional Infliction of Emotional Distress

Defendants seek dismissal of Plaintiff's state law claim for intentional infliction of emotional distress (Claim 4) against Defendants Giannini, Baker, and Vang.  (ECF No. 36 at 5-6.) Defendants' motion to dismiss is unnecessary.  Plaintiff's claim for intentional infliction of emotional distress proceeds only against Defendant Mix, and not against Defendants Giannini, Baker, or Vang.  (*See* ECF Nos. 27 at 14, 17-18; ECF No. 28 at 3.)  For this reason, the Court will recommend that Defendants' motion to dismiss Plaintiff's claim for intentional infliction of emotional distress as to Defendants Giannini, Baker, and Vang be denied as moot.

Claim 6 – Malicious Prosecution

Defendants seek to dismiss Plaintiff's state law claim for malicious prosecution (Claim 6) as barred by California Government Code § 821.6.  (ECF No. 36 at 6-7.)  Defendants' motion to dismiss this claim is unnecessary.  The action does not proceed on a state law claim for malicious prosecution against any defendant.  (*See* ECF No. 27 at 14-15, 17-18; ECF No. 28 at 3.)  For this reason, the Court will recommend that Defendants' motion to dismiss Plaintiff's state law claim for malicious prosecution be denied as moot.

Claim 7 – Negligence

Defendants argue Plaintiff's state law claim for negligence (Claim 7) as to Defendants Giannini, Baker, and Baker should be dismissed because these defendants are immunized by California Government Code § 820.8.

Section 820.8 states that "[e]xcept as otherwise provided by statute, a public employee is not liable for an injury caused by the act or omission of another person  Nothing in this section exonerates a public employee from liability for injury proximately caused by his own negligent or wrongful act or omission.  Cal. Gov't Code § 820.8.

8

Defendants contend that Plaintiff's claim of negligence is pled in a conclusory fashion, improperly lumps all defendants together, and seeks to reframe alleged intentional conduct as negligence.  Defendants further contend that Plaintiff does not identify how each defendant individually acted negligently, and does not plead that Defendants Giannini, Baker, and Vang engaged in any wrongful conduct aside from Defendant Mix's own action or sufficiently plead that Giannini, Baker, and Vang could have reasonably intervened during Defendant Mix's alleged assault and battery.  Defendants (ECF No. 36 at 6.)

"The elements of a negligence cause of action are: (1) a legal duty to use due care; (2) a breach of that duty; (3) the breach was the proximate or legal cause of the resulting injury; and (4) actual loss or damage resulting from the breach of the duty of care." *Brown v. Ransweiler*, 171 Cal. App. 4th 516, 534 (2009) (citing *Ladd v. County of San Mateo*, 12 Cal. 4th 913, 917 (1996)).

In screening the fourth amended complaint, the Court summarized the negligence allegations as follows:

> All Defendants breached their duty of care to ensure that Plaintiff wasn't beaten in custody and left with multiple injuries. They had an obligation to ensure malicious harm or excessive force against Plaintiff was not done in an unlawful manner, as they have a job to protect the inmate population and staff from any unwanton harm or injury, which could be prevented. All defendants had an obligation but failed to act on that obligation deliberately by standing and just watching and aiding in the attack.

(ECF No. 27 at 6.)

The Court also found that Plaintiff states a cognizable Eighth Amendment excessive force claim against Defendant Giannini and a cognizable Eighth Amendment failure to protect claim against Defendants Giannini, Vang, and Baker.  (ECF No. 27 at 10-11; ECF No. 28 at 3.) Plaintiff's negligence claim based on the same factual allegations supporting his federal claims for failure to protect and excessive force are sufficient.  *See*, *e.g.*, *Rosenblum v. Blackstone*, No. SA CV 18-966-JVS(E), 2020 WL 1049916, at *11 (C.D. Cal. Jan. 22, 2020) (concluding negligence claims based on allegations supporting federal claims for failure to protect and excessive force sufficient).  Therefore, the Court cannot conclude at the motion to dismiss stage that Defendants are entitled to immunity under section 820.8.  The Court will recommend that Defendants' motion to dismiss the negligence claim be denied.

**IV.      Conclusion and Recommendation**

Based on the foregoing, it is HEREBY RECOMMENDED that Defendants' partial motion to dismiss, (ECF No. 36), be granted in part and denied in part as follows:

1.      Defendants' motion to dismiss Plaintiff's state law assault and battery claims against Defendant Baker be denied as moot;

2.      Defendants' motion to dismiss Plaintiff's state law assault and battery claims against Defendant Vang be granted and Plaintiff's state law assault and battery claims proceed against Defendants Mix and Giannini;

3.      Defendants' motion to dismiss Plaintiff's state law intentional infliction of emotional distress claim as to Defendants Giannini, Baker, and Vang be denied as moot;

4.      Defendants' motion to dismiss Plaintiff's state law malicious prosecution claim be denied as moot; and

5.      Defendants' motion to dismiss Plaintiff's state law negligence claim be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 25, 2026**                                   /s/ *Barbara A. McAuliffe*
                                                                          UNITED STATES MAGISTRATE JUDGE

10