UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATOMEE HINTON,<br>Plaintiff,<br>v.<br>MIX, *et al.*,<br>Defendants. | No. 1:24-cv-00960-KES-BAM (PC)<br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' PARTIAL MOTION TO DISMISS<br>Doc. 59 |

Plaintiff Natomee Hinton is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action currently proceeds on the fourth amended complaint against: (1) defendants Mix and Giannini for excessive force in violation of the Eighth Amendment; (2) defendants Vang, Giannini, and Baker for failure to protect in violation of the Eighth Amendment; (3) defendant Mix for retaliation in violation of the First Amendment; (4) defendants Mix, Vang, and Giannini for state law assault and battery; (5) defendant Mix for state law intentional infliction of emotional distress; and (6) defendants Mix, Vang, Giannini, and Baker for state law negligence.

On September 18, 2025, defendants filed a motion to partially dismiss the fourth amended complaint. Doc. 36. Defendants moved to dismiss the state law assault and battery claims as to Vang and Baker, the state law intentional infliction of emotional distress claim as to Giannini, Vang, and Baker, the state law negligence claim as to Giannini, Vang, and Baker, and the state

law malicious prosecution claim as to all defendants. Doc. 36. Plaintiff filed a response to defendants' motion. Doc. 39.

On June 26, 2026, the assigned magistrate judge issued findings and recommendations recommending that defendants' motion be granted in part and denied in part. Doc. 59. Specifically, the magistrate judge recommended that (1) defendants' motion to dismiss the assault and battery claims against Baker be denied as moot; (2) defendants' motion to dismiss the assault and battery claims against Vang be granted, and that the state law assault and battery claims proceed only against Mix and Giannini; (3) defendants' motion to dismiss the intentional infliction of emotional distress claim as to Giannini, Baker, and Vang be denied as moot; (4) defendants' motion to dismiss the malicious prosecution claim be denied as moot; and (6) defendants' motion to dismiss the negligence claim be denied. *Id.* at 7-10. Those findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within 14 days. *Id.* No party has filed objections, and the time to do so has expired.

In accordance with 28 U.S.C. § 636(b)(1), this Court performed a de novo review. Having carefully reviewed the matter, the Court concludes the findings and recommendations are supported by the record and by proper analysis. The Court ORDERS:

1. The findings and recommendations issued on June 26, 2026 (Doc. 59) are ADOPTED in full;
2. Defendants' motion to dismiss (Doc. 36) is GRANTED in part and DENIED in part as follows:
    a. Defendants' motion to dismiss the state law assault and battery claims against Baker is DENIED as moot;
    b. Defendants' motion to dismiss Plaintiff's state law assault and battery claims against Defendant Vang is GRANTED, and Plaintiff's state law assault and battery claims shall proceed only against Mix and Giannini;
    c. Defendants' motion to dismiss the state law intentional infliction of emotional distress claim as to Giannini, Baker, and Vang is DENIED as moot;

d. Defendants' motion to dismiss the state law malicious prosecution claim is DENIED as moot; and

e. Defendants' motion to dismiss the state law negligence claim is DENIED.

3. This action is referred to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: July 27, 2026

UNITED STATES DISTRICT JUDGE